UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                         DECISION AND ORDER

                                                                         06-CR-6042L

                  v.

JOSE D. DE LA ROSA,
       a/k/a  "Carlos A.Gomez-Pirela,"
       a/k/a "El Negro,"
       a/k/a "Yiyo,"
GABRIEL CASTILLO-MARTINEZ,
       a/k/a "Green Eyes,"
MARCELO MONTILLA and
ROBERTO OLIVO-ESTRELLA,

                              Defendants.
_____

This Court referred all pretrial matters and motions to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b).  The several defendants, including Gabriel Castillo-Martinez ("Castillo-Martinez") and Marcelo Montilla ("Montilla") filed various motions.

Magistrate Judge Payson issued a Decision and Order/Report and Recommendation (Dkt. #120) on May 5, 2008.  Magistrate Judge Payson had previously ruled from the Bench concerning some of the pretrial motions.

Currently pending before this Court are objections to the Decision and Order/Report and Recommendation by defendants Castillo-Martinez and Montilla.

**I.       Objections of Castillo-Martinez**

In a three-page filing, Castillo-Martinez objects to the Decision and Order/Report and Recommendation of Magistrate Judge Payson. For several reasons, I reject and deny the objections.

Magistrate Judge Payson did conduct suppression hearings concerning the pretrial, photographic identification of Castillo-Martinez. Magistrate Judge Payson discussed the photographic identification and found that the procedure was not impermissibly suggestive. I agree with her assessment concerning Castillo-Martinez. The transcript of the suppression hearing has been made available for this Court's review, and I have also reviewed the photographic arrays submitted to the several witnesses. I agree with Magistrate Judge Payson's assessment that neither the circumstances surrounding the photographic identifications nor the arrays themselves give rise to a likelihood of irreparable misidentification.[1]

Castillo-Martinez also moved before Magistrate Judge Payson for a hearing concerning voice identification relative to certain intercepted communications which the Government intends to utilize at trial. Magistrate Judge Payson accepted memoranda on this issue and denied Castillo-Martinez's motion for a hearing on voice identification, in court, on January 8, 2008. Castillo-Martinez objects to the Magistrate Judge's denial of a hearing. The objection is rejected and denied.[2]

---

[1] As to a co-defendant, Jose D. De La Rosa, Magistrate Judge Payson stated her intent to conduct a further hearing as to whether the identifying witnesses had an independent basis to identify De La Rosa. I expect such a hearing to occur at least thirty days prior to the scheduled trial.

[2] An argument could be made that appeal of this issue is untimely. Magistrate Judge Payson denied Castillo-Martinez's motion for a hearing on voice identification, in open court, on January 8, 2008. Immediately after rendition of that decision, Castillo-Martinez was advised that he had ten (10) days within which to appeal the denial to the district court. If that was all that had occurred, I would find that the objections filed May 13, 2008 were untimely because such appeals must be made within ten (10) days. 28 U.S.C. § 636(b); FED. R. CRIM. P. 59(a). It appears, however, that at the conclusion of the proceedings on January 8, the Magistrate Judge advised Castillo-

(continued...)

The standard of review is whether the Magistrate Judge's decision was clearly erroneous or contrary to law. No such showing can be made. I agree with the Government's position, as set forth in its response to the motion (Dkt. #97), that the matter is one for resolution at trial and not by preliminary hearing. The issue involves authentication of evidence and the Government, as the proponent of the evidence, will have to establish proper authentication of the evidence under the Federal Rules of Evidence. That is the proper time to raise such issues and ultimately the question of voice identification is one for the jury. I agree with those cases, cited by the Government that have denied the request for a pretrial hearing on the matter of voice identification.

Castillo-Martinez lists several other matters in his recently-filed motion of May 13, 2008. He appears to request the Court to revisit all of the thirty-five (35) separate "headings and listings" contained in Castillo-Martinez's original motion filed October 25, 2007 (Dkt. #80). I decline to do so. Such a request is untimely and lacks the requisite specificity. Many of the items were dealt with and resolved by Magistrate Judge Payson on the record in open court on November 20, 2007. As such, objections should have been filed, as noted above, within ten (10) days of the Court's oral Decision and Order. Objections to a Magistrate Judge's order must be made within ten (10) days. 28 U.S.C. § 636(b); FED. R. CRIM. P. 59(a). The Local Criminal Rules of the Western District of New York similarly provide that objections must be made within ten (10) days. *See* Local Rules of the Western District of New York, Rule 58(a).

---

[2](...continued)
Martinez that she would not only deal with the identification issue in a Report and Recommendation, but also set forth the Magistrate Judge's decision concerning a pretrial hearing on the voice identification. It appears to be understood that counsel for Castillo-Martinez could then file one document containing his objections. Although the Magistrate Judge's Decision and Order/Report and Recommendation did not treat voice identification issue, it seems unwarranted to charge Castillo-Martinez with a waiver on this issue for failing to appeal within ten (10) days of the January 8 decision. (Tr. of January 8, 2008, p. 46). For that reason, I base my decision above solely on the merits.

Furthermore, the objections now filed are conclusory in nature and lack any specific statement as to why the Magistrate Judge's Decision and Order was clearly erroneous or contrary to law. Furthermore, on the merits, I have reviewed the oral decisions of Magistrate Judge Payson rendered on November 20, 2007, and find no basis to reverse or modify them.

## II.     Objections of Marcelo Montilla

By objection filed June 3, 2008, Montilla raises two matters. First, Montilla objects to Magistrate Judge Payson's Decision and Order denying Montilla's motion for a bill of particulars. Magistrate Judge Payson set forth several reasons why a bill of particulars was not warranted. Magistrate Judge Payson also set forth the law concerning such requests. A bill of particulars should only be granted when the information is necessary and not as a device to obtain discovery. The standard of review on this issue is whether the Magistrate Judge's decision denying the bill of particulars was clearly erroneous or contrary to law. No such finding is appropriate here. Magistrate Judge Payson set forth in several paragraphs in the Decision and Order of May 2, 2008, the voluntary discovery and information that has been provided to Montilla. Such information appears more than adequate to apprise Montilla of the nature of the charges that he faces.

Montilla also objects to the fact that the witnesses making identifications from the photographic arrays were not identified by name. Montilla claims that such a proceeding prevented him from effectively challenging the agent's testimony concerning the identification procedures. I disagree. Whether the identifying witnesses were identified or not is not the principal issue at a *Wade* Hearing. The issue is whether the Government's conduct and presentation of the photographic

arrays was suggestive so as to create a substantial likelihood of irreparable misidentification. I find no basis to reverse or modify Magistrate Judge Payson's decision relative to how the suppression hearing was conducted or her final conclusion that there was no basis to suppress the photographic identifications.

## CONCLUSION

Magistrate Judge Payson issued a thorough Decision and Order/Report and Recommendation on May 2, 2008. I affirm that part which constitutes the Decision and Order. Defendants have failed to demonstrate that Magistrate Judge Payson's decision was clearly erroneous or contrary to law. I deny defendant Castillo-Martinez's objections to prior decisions of Magistrate Judge Payson.

I affirm Magistrate Judge Payson's decision denying a bill of particulars to defendant Marcelo Montilla. The Magistrate Judge's decision was not clearly erroneous or contrary to law.

Concerning Magistrate Judge Payson's Report and Recommendation, I accept and adopt that Report and Recommendation and deny defendant Castillo-Martinez's and defendant Montilla's motions to suppress photographic identification.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 27, 2008.